UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KELLEE KENDALL** *et al.*,

      **Plaintiffs,**

                              **Civil Action 2:15-cv-3009**
      **v.**                       **Magistrate Judge Elizabeth P. Deavers**

**PHOENIX HOME HEALTH CARE**
**SERVS. LTD.** *et al.*,

      **Defendants.**

## <u>OPINION AND ORDER</u>

This is a lawsuit over an alleged breach of contract for patient care coordination services rendered by Plaintiffs to Defendants in the home health care industry.  This matter is before the Court for consideration of Defendants' Motion to Partially Dismiss for Failure to State a Claim and for Partial Judgment on the Pleadings (ECF No. 21), Plaintiffs' Motion for Leave to File Amended Complaint (ECF No. 28.), and Plaintiffs' Motion to Stay  Proceeding on Defendants' Motion for Summary Judgment.  (ECF No. 30.)  For the reasons that follow, Defendants' Motion to Partially Dismiss for Failure to State a Claim and for Partial Judgment on the Pleadings is **GRANTED in part and DENIED in part**.  Plaintiff's Motion for Leave to File Amended Complaint is **DENIED** and Plaintiffs' Motion to Stay Proceeding on Defendants' Motion for Summary Judgment is **DENIED as moot.**

## I. BACKGROUND

Plaintiffs Kellee Kendell ("Kendell") and Home Health Care Resources LLC ("Home Health Care") (collectively, "Plaintiffs") initiated this lawsuit by filing a Complaint against Defendants Phoenix Home Health Care Srvs. Ltd. ("Phoenix") and Lilly Peng ("Peng")

(collectively, "Defendants") on November 17, 2015 (ECF No. 1; the "Complaint" or "Compl."). The Complaint alleges causes of action for: (1) breach of contract, (2) unjust enrichment; and (3) joint liability.  (Compl. ¶¶ 12-25.)

Phoenix is engaged in home health care services in Franklin County, Ohio.  (*Id*. ¶ 3.) Peng is a registered nurse licensed by the State of Ohio Nursing Board and has been the controlling manager and member of Phoenix at all relevant times.  (*Id*. ¶ 4.)  On or about September 13, 2007, Phoenix and Kendell entered into a written contract, whereby the latter became a contractor for the former (the "2007 Agreement").  The terms of the 2007 Agreement are as follows:

> This is the contract entered between PHHCS [Phoenix] and Kellee Kendell. Kellee will work for PHHS as [sic] patient care coordinator.  She will work as a contractor.  Her hourly pay will be $15/hr.  If the patient has 14 hours or above/week (morning and evening), she will be paid 2 hours/work for that patient. When she has 20 patients or above, each additional patient will add $0.25/hour on her pay scale with capped [sic] at $18/hr.

(*Id*. Ex. A; ECF No. 1-1.)  The 2007 Agreement is written on Phoenix company letterhead.  It was executed by Peng on behalf of Phoenix with her title, "Registered Nurse," and the corporation name, "Phoenix Home Health Care Services, LTD," below Peng's in the signature block.  (*Id*.)

Plaintiffs allege that Defendants have breached the 2007 Agreement by refusing to pay out the compensation as provided by the terms of the contract.  (*Id*. ¶ 15.)  Plaintiffs alternatively allege Defendants have been unjustly enriched by the client referrals and related maintenance services provided by Plaintiffs without adequate compensation.  (*Id*. ¶ 19.)  Finally, Plaintiffs allege in the Complaint a cause of action for Joint Liability, premised upon Plaintiffs' assertion that Peng and Phoenix have either an alter ego or agency relationship which would render them jointly liable for Plaintiffs' damages.  (*Id*. ¶¶ 4, 21-25.)

## II. MOTION TO PARTIALLY DISMISS & FOR PARTIAL JUDGMENT

### A. Standard of Review

Rule 12(c) of the Federal Rules of Civil Procedure allows a party to "move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The Court evaluates a motion filed under Rule 12(c) using the same standard as a Rule 12(b)(6) motion to dismiss. *Roth v. Guzman*, 650 F.3d 603, 605 (6th Cir. 2011). To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd*., *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on

3

a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

## B. Analysis

### 1. Unjust Enrichment

Defendants move for partial dismissal and for partial judgment on the pleadings. Defendants assert that Plaintiffs' claim for unjust enrichment fails to state a claim upon which relief can be granted.

"[U]njust enrichment is a quasicontractual theory of recovery" occurring "'when a party retains money or benefits which in justice and equity belong to another.'" *Dailey v. Craigmyle & Son Farms, L.L.C.*, 177 Ohio App. 3d 439, 449 (Ohio Ct. App. 2008) (quoting *Cooper v. Smith*, 155 Ohio App. 3d 218, 228 (Ohio Ct. App. 2003)); *accord Dixon v. Smith*, 119 Ohio App. 3d 308, 317 (Ohio Ct. App. 1997). "'Under the doctrine of unjust enrichment (*i.e.*, *quantum meruit*), a party may recover the reasonable value of services rendered in the absence of an express contract if denying such recovery would unjustly enrich the opposing party.'" *Id* (*quoting In re Estate of Popov,* No. 02CA26, 2003 WL 22017299, at *4 (Ohio Ct. App. May 21, 2003)). The requisite elements of an unjust enrichment claim are as follows: "'(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment.'" *Id* (*quoting Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 183 (Ohio 1984)).

Unjust enrichment is generally precluded where a valid, enforceable contract exists between the parties. *See Cook v. Home Depot U.S.A., Inc.*, No. 2:06-cv-00571, 2007 WL 710220, at *8 (S.D. Ohio Mar. 6, 2007) ("Ohio law does not allow parties to 'seek damages

under quasi-contractual theories of recovery' such as a claim of unjust enrichment when a contract governs the relationship.") (*quoting Davis & Tatera, Inc. v. Gray-Syracuse, Inc.*, 796 F. Supp. 1078 (S.D. Ohio 1992)).  "However, Ohio law permits that where there is a dispute as to the existence or enforceability of a contract, a party may plead promissory estoppel or unjust enrichment in the alternative."  *Bonner Farms, Ltd. V. Power Gas Mktg. & Transmission, Inc.*, No. 5:04-cv-2188, 2007 WL 2463247, at *14 (N.D. Ohio Aug. 28, 2007).

Defendants contend that there is no dispute as to the existence of the 2007 Agreement. Plaintiffs argue that although they believe the 2007 Agreement is valid and enforceable, it is not clear at this point whether Defendants concede this point.  In the event that the Court finds the contract invalid or unenforceable, Plaintiffs have pled their quasicontractual claim in the alternative.  "Federal Rule of Civil Procedure 8(d)(3) specifically provides that a party may state as many claims as it has, regardless of consistency."  *Miami Valley Mobile Health Servs., Inc. v. ExamOne Worldwide, Inc.*, 852 F. Supp. 2d 925, 939-40 (S.D. Ohio 2012) (citing *Concheck v. Barcroft,* No. 2:10–cv–656, 2011 WL 3359612, at *8 (S.D.Ohio 2011) (no dismissal of quasi-contract claims because plaintiff may succeed on alternate theories of recovery if contract is deemed unenforceable); *Jent v. BAC Home Loans Servicing, LP,* No. 1:10–cv–783, 2011 WL 2971846, at *4 (S.D.Ohio July 21, 2011) (rejecting argument that tort claims cannot be brought when a contract cause of action exists).  Here, the "heart of the parties' dispute" is what, if any, contractual relationship existed between the plaintiffs and defendants and "whether those contracts remain valid and enforceable."  *Bonner Farms, Ltd.*, 2007 WL 2463247, at *7. Although Plaintiffs will not be able to recover under both contract and unjust enrichment, "it would be premature to dismiss the quasi-contract claims at this time."  *Id*.  As a result, Defendants' motion to dismiss the unjust enrichment claim is **DENIED.**

**2. Joint Liability**

Defendants also contend that there is no cognizable claim for "joint liability" under Ohio law and, therefore, the allegation must be dismissed.  Plaintiffs concede that there is no separate count of "joint liability" but argue that the allegations are valid inasmuch as they relate to recovery against Peng under a theory of alter ego liability.

Generally, a parent corporation or owner is not liable for the acts of its subsidiaries. *United States v. Bestfoods*, 524 U.S. 51, 61 (1998).  However, Ohio law allows for the piercing of a corporate veil in order to hold individual shareholders, officers or directors liable for the actions of a corporation "when it would be unjust to allow the shareholders to hide behind the fiction of the corporate entity."  *Belvedere Condo. Unit Owners' Assn. v. R.E. Roark Cos., Inc.*, 617 N.E.2d 1075, 1085 (Ohio 1993).  In other words, "Courts will permit individual shareholder liability only if the shareholder is indistinguishable from or the 'alter ego' of the corporation itself."  *Id*.  The three-part test for determining whether an individual is an alter ego of the corporation is as follows: "(1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own, (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong."  *Id*. at 1086.

Plaintiffs allege that "Peng managed and controlled [Home Health Care] in a manner which indicated that Peng and [Home Health Care] were one and the same and/or that [Home Health Care] was Peng's alter ego."  (Compl. ¶ 5.)  Even the most liberal reading of this single allegation discussing alter ego or veil piercing does not satisfy the second prong of the requisite test.  Plaintiffs must meet the heightened pleading requirements of Federal Rule of Civil

6

Procedure 9(b), "which applies to allegations of fraud made in support of an attempt to pierce the corporate veil." *Fortress Value Recovery Fund I, LLC v. Columbus Components Group LLC*, No. 1:11-CV-00200, 2011 WL 1130442, at *6 (N.D. Ohio Mar. 28, 2011) (citing *Southeast Tex. Inns, Inc. v. Prime Hospitality Corp.*, 462 F.3d 666, 672 (6th Cir. 2006). Here, Plaintiffs plead none of the time, place and content of the misrepresentation allegations necessary to sustain their claim. *Cf. Id.* Rather, the allegation of alter-ego liability is merely conclusory and insufficient.

Plaintiffs additionally allege that Home Health Care and "Peng were related parties each of which profited or lost from the actions of the other," that Home Health Care and Peng were "agents of each other and in doing the things alleged herein, each was acting within the course and scope of its agency and was subject to the supervision of one another." (Compl. ¶ 23.) Plaintiffs further allege that Home Health Care and Peng "collaborate regarding the actions and/or omissions of each other, including the conduct of the home health care services business." (*Id.* ¶ 24.) Under Ohio law, the "primary distinguishing characteristic of an agency relationship is the right of the principal to control the conduct of the agent when the agent is performing work on behalf of the principal." *Costell v. Toledo Hosp.*, 649 N.E.2d 35, 39 (Ohio 1994). However, this sole agency allegation of the complaint is "a conclusory statement of a legal proposition without any supporting factual allegations to demonstrate its plausibility." *Bricker v. R & A Pizza, Inc.*, 804 F. Supp. 2d 615, 622 (S.D. Ohio 2011).

As a result, Defendants' Motion to Dismiss is **GRANTED** with respect to the claim of joint liability, as well as with respect to alter-ego or agency liability on behalf of Peng. As no alter-ego or agency relationship is adequately pled, the breach of contract and unjust enrichment claims against Peng must also fail. Therefore, all claims against Peng are **DISMISSED**, with Phoenix remaining as the sole defendant.

### 3. Home Health Care

Defendants argue that Home Health Care is not a party to the 2007 Agreement and, therefore, must be dismissed from the lawsuit. "Only a party to a contract or an intended third-party beneficiary of a contract may bring an action on a contract." *Clem v. Steiner*, No. 2002-P-0056, 2003 WL 22118390, at *4 (Ohio App. Ct. Sept. 12, 2003). "There must be evidence that the promisor assumed a duty to the third party." *Id* (citing *Trinova Corp. v. Pilkington Bros., P.L.C.*, 638 N.E.2d 572 (Ohio 1994).

Plaintiffs assert that, if the Court deems that Home Health Care is not a party to the contract, it should dismiss with leave to amend the complaint. *See Garrett Day Care LLC et al. v. Int'l Paper Co.*, No. 3:15-cv-36, 2016 WL 882104, at *10 (S.D. Ohio Mar. 1, 2016) (stating that, if at all possible, the party against whom dismissal is sought should be granted leave to amend). Plaintiffs would then seek to amend the complaint to include the allegations that Peng directed Kendell to create Home Health Care for the purposes of executing the 2007 Agreement, direct deposited compensation for services rendered under the contract to a Home Health Care bank account; and annually issued an IRS Tax Form 1099 to Home Health Care reporting compensation paid for services rendered under the 2007 Agreement. Moreover, Plaintiffs argue, even if Home Health Care is not a party to the 2007 Agreement, Home Health Care and Kendell are still entitled to plead unjust enrichment claims against Phoenix in the alternative to the existence of an express contract.

While Plaintiffs maintain the 2007 Agreement is valid and binding, alternatively, Plaintiffs allege Phoenix was unjustly enriched by Kendell and Home Health Care. The contract is plain on its face and the Court finds that Home Health Care is not an original part to the 2007 Agreement. The questions of whether it became a third-party beneficiary or Phoenix was

8

unjustly enriched at its expense, however, cannot be answered at this stage of the case.  *See Clem*, 2003 WL 22118390, at *4 ("A determination of the parties' intentions is a factual inquiry.").  As a result, the Defendant's Motion to Dismiss all of Home Health Care's claims asserted in this case is **DENIED**.

### III. MOTION TO AMEND COMPLAINT

**A. Standard of Review**

Under Federal Rule of Civil Procedure 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  As the United States Court of Appeals for the Sixth Circuit has noted, Rule 15(a) supports the "principle that cases should be tried on their merits" and not on technicalities, and thus "assumes 'a liberal policy of permitting amendments.'"  *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 937 (6th Cir.2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir.1986)).  Accordingly, when a party decides "to advance a new claim as a result of [ ] discovery" Rule 15(a) provides for "liberal amendment to the complaint."  *Tucker v. Union of Needletrades, Indust. & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005).

Several factors influence whether the Court should allow a party to amend its pleading including "undue delay in filing, lack of notice to opposing party, bad faith by the moving party, undue prejudice to the opposing party, and futility of the amendment."  *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008) (citing *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir.  2001)).  Furthermore, in considering the issue of prejudice, the Court must ask whether allowing a party to amend the pleadings would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial" or cause considerable delay in resolving the dispute.  *Phelps v. McClennan*, 30 F.3d 658, 662–63 (6th Cir. 1994).

**B. Analysis**

Plaintiffs move for leave to amend the complaint to assert a cause of action for a constructive breach of contract.  Plaintiffs argue that Phoenix engaged in hostile business practices, including: (1) unilateral reduction in Plaintiffs' compensation; and (2) non-compliance with Medicare/Medicaid requirements, exposing patients' records, backdating documents," which breached the common law implied covenant of good faith and fair dealing.  (ECF No. 28-1; Am. Compl. Ex. 1 ¶ 24.)  These amendments, however, are futile because they are not standalone claims that are separate and apart from the breach of contract and unjust enrichment claims.  The unilateral reduction in Plaintiffs' compensation is not a claim that stands apart from the breach of contract and unjust enrichment claims.  Likewise, the implied duty of good faith on parties to any contract does not create the basis for an independent claim under Ohio law. *Bolling v. Clevepak Corp.*, 484 N.E.2d 1367, 1376 (Ohio Ct. App. 1984).  Plaintiffs even concede the latter point in their Reply Memorandum.  (ECF No. 36, at p. 7.)  Finally, the Court has found no precedent for "hostile business practices" constituting a claim under Ohio law and Plaintiffs have cited none.

For the above-stated reasons, Plaintiffs' Motion for Leave to File Amended Complaint (ECF No. 28) is **DENIED**.

## IV. MOTION TO STAY

Plaintiffs' move to stay resolution of Defendants' Motion for Summary Judgment (ECF No. 25), pending resolution of the motions resolved in this Opinion and Order—Defendants' Motion to Dismiss and for Partial Judgment and Plaintiffs' Motion for Leave to File Amended Complaint.  Because the Court now resolves these motions, Plaintiffs' Motion to Stay Proceeding on Defendants' Motion for Summary Judgment is **DENIED as moot**.

10

**V. CONCLUSION**

For the reasons explained above, Defendants' Motion to Partially Dismiss for Failure to State a Claim and for Partial Judgment on the Pleadings (ECF No. 21) is **GRANTED in part and DENIED in part**.  Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 28) is **DENIED** and Plaintiffs' Motion to Stay Proceeding on Defendants' Motion for Summary Judgment is **DENIED as moot**.  (ECF No. 30.)

**IT IS SO ORDERED.**


Date: October 7, 2016                          _____/s/ *Elizabeth A. Preston Deavers*_
                                                                    ELIZABETH A. PRESTON DEAVERS
                                                                    UNITED STATES MAGISTRATE JUDGE