UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KELLEE KENDALL *et al.*,

      Plaintiffs,

                                        Civil Action 2:15-cv-3009
    v.                              Magistrate Judge Elizabeth P. Deavers

PHOENIX HOME HEALTH CARE
SERVS. LTD., *et al.*,

      Defendants.

**OPINION AND ORDER**

This matter is before the Court for consideration of Defendants' Second Motion for Summary Judgment (ECF No. 84) and other pending motions.  For the reasons that follow, the Motion for Summary Judgment is **GRANTED**.  Defendants' Motion to Strike Response in Opposition (ECF No. 34), and Defendant's Motion to Dismiss for Failure to Comply with Court Order (ECF No. 53) are **DENIED as moot**.  Additionally, Plaintiff's Motion for Order that Defendant Show Cause Regarding Failure to Comply with Discovery Order (ECF No. 71) is **DENIED**.

**I. BACKGROUND**

**A.**    **Procedural History**

On November 17, 2015, Plaintiffs Kellee Kendell ("Kendell") and Home Health Care Resources LLC ("Home Health Care") (collectively, "Plaintiffs") initiated this lawsuit by filing a Complaint against Defendants Phoenix Home Health Care Srvs. Ltd. ("Phoenix") and Lilly Peng ("Peng") (collectively, "Defendants") (ECF No. 1; the "Complaint" or "Compl."").  The Complaint alleges causes of action for: (1) breach of contract, (2) unjust enrichment; and (3)

joint liability. (Compl. ¶¶ 12-25.) On May 13, 2016, Phoenix moved for summary judgment on Plaintiffs' claims. (ECF No. 25.) On October 7, 2016, the Court granted Defendant's Motion to Dismiss with respect to the joint liability claim as well as to Defendant Peng altogether. (ECF No. 62.) On October 12, 2016, after consultation with the parties, the Court held Defendant's Motion for Summary Judgment in abeyance in order for the parties to supplement their motion papers with additional information from then-ongoing discovery. Defendant moved again for summary judgment on the remaining breach of contract and unjust enrichment claims on November 17, 2016. (ECF No. 84.) Plaintiff filed her Response in Opposition to the Second Motion for Summary Judgment on December 10, 2016. (ECF No. 86.) Defendant filed its Reply to the Response on December 19, 2016. (ECF No. 87.) The Court has reviewed and considered the parties' briefing from both the original and amended motions.

**B.     Facts**

Phoenix is engaged in home health care services in Franklin County, Ohio. (*Id*. ¶ 3.) Peng is a registered nurse licensed by the State of Ohio Nursing Board and has been the controlling manager and member of Phoenix at all relevant times. (*Id*. ¶ 4.) On or about September 13, 2007, Phoenix and Kendell entered into a written contract, whereby the latter became a contractor for the former (the "2007 Agreement"). The terms of the 2007 Agreement are as follows:

> This is the contract entered between PHHCS [Phoenix] and Kellee Kendell. Kellee will work for PHHS as patient care coordinator. She will work as a contractor. Her hourly pay will be $15/hr. If the patient has 14 hours or above/week (morning and evening), she will be paid 2 hours/work for that patient. When she has 20 patients or above, each additional patient will add $0.25/hour on her pay scale with capped [*sic*] at $18/hr.

2

(*Id*. Ex. A; ECF No. 1-1.) The 2007 Agreement is written on Phoenix company letterhead. It was executed by Peng on behalf of Phoenix with her title, "Registered Nurse," and the corporation name, "Phoenix Home Health Care Services, LTD," below Peng's in the signature block. (*Id*.)

Peng asserts she and Kendell subsequently entered into a second verbal contract, which superseded the 2007 Agreement. (Deposition of Lilly Peng, dated February 18, 2015; ECF No. 25-3 ("Peng Dep."), 36:7-10.) The verbal contract entitled Kendell to $15 an hour per patient, with no cap on the number of patients or pay. (*Id*. 36:11-16.) Kendell denies the existence of the second oral agreement subsequent to the 2007 written Agreement. (Deposition of Kellee Kendell, dated March 26, 2015; ECF No. 25-2 ("Kendell Dep."), 49:17-21.)

Since September 2007, Peng has sent Kendell a payroll form every two weeks with patients and compensation information listed. (Peng Dep. 5:8-11; Kendell Dep. 72:7-13.) Kendell either calls or e-mails Peng in response to the form to indicate that the pay is correct or approved. (Peng Dep. 89:21-90:5.) Kendell subsequently receives a biweekly paycheck via direct deposit from Phoenix. (Kendell Dep. 84:24-85:7.)

Kendell asserts that her relationship with Peng "became volatile probably a year or two after [Kendell] started with Phoenix when [Peng] started cutting [Kendell's] compensation." (Kendell Dep. 67:22-68:2.) While Kendell agrees that her hourly rate was never reduced, she claims that she is owed for uncompensated hours because the 2007 Agreement entitles her to two hours of pay per patient regardless of how many hours of care that patient received per week. (*Id*. 68:11-17, 69:9-12.) Peng maintains that Kendell's pay was never improperly cut. (Peng

3

Dep. 46:3-5.) Kendell further asserts that she was not compensated properly for patients who were discharged but then returned to Phoenix for home health care. (Kendell Dep. 73:1-11.)

Kendell has received two pay raises during her tenure working for Phoenix—the first, in July 2008, to $16 per hour, the second, in 2011 to $17 per hour. (*Id*. 86:2-87:1.) These pay raises occurred pursuant to oral agreements. (*Id*. 87:7-20.) Kendell does not recall whether, at the time of her pay raises, she indicated to Phoenix or Peng that she was being paid less than what she was owed under the 2007 Agreement. (*Id*. 87:21-88:2.) In June 2014, Kendell informed Phoenix that she was not paid according to the 2007 Agreement and requested the unpaid compensation. (*Id*. 91:4-7.)

## II. MOTION FOR SUMMARY JUDGMENT

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party has the initial burden of proving that no genuine issue of material fact exists, and the court must draw all reasonable inferences in the light most favorable to the nonmoving party." *Stansberry v. Air Wisconsin Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact" then the Court may "consider the fact undisputed for purposes of the motion").

"Once the moving party meets its initial burden, the nonmovant must 'designate specific facts showing that there is a genuine issue for trial.'" *Kimble v. Wasylyshyn*, No. 10–3110, 2011 WL 4469612, at *3 (6th Cir. Sept. 28, 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)); *see also* Fed. R. Civ. P. 56(c) (requiring a party maintaining that a fact is genuinely

4

disputed to "cit[e] to particular parts of materials in the record"). "The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts, . . . there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute." *Lee v. Metro. Gov't of Nashville & Davidson Cnty.*, 432 F. App'x 435, 441 (6th Cir. 2011) (internal quotation marks and citations omitted). In considering the factual allegations and evidence presented in a motion for summary judgment, the Court must "afford all reasonable inferences, and construe the evidence in the light most favorable to the nonmoving party." *Cox v. Kenlucky Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stansberry*, 651 F.3d at 486 (citing *Celotex*, 477 U.S. at 322–23).

### III. ANALYSIS

Phoenix moves for summary judgment on both the breach of contract and the unjust enrichment claims asserted against it, arguing that the Plaintiffs waived or are estopped from asserting the former and the latter is duplicative. The Court will address each argument in turn.

**A. Breach of Contract**

The doctrine of equitable estoppel serves to prevent fraud and to promote the interests of justice. *Mark-It Place Foods, Inc. v. New Plan Excel Realty Trust*, 156 Ohio App.3d 65, 90 (Ohio Ct. App. 2004). It arises where "one party induces another party to believe that certain facts exist and the other party changes his position to his detriment in reasonable reliance on those facts." *Id*. (citing *Chubb v. Ohio Bur. Of Workers' Comp*, 690 N.E.2d 1267 (Ohio 1998);

5

*State ex rel. Chavis v. Sycamore City School Dist. Bd. of Edn.*, 641 N.E.2d 188 (Ohio 1994)). "To invoke the doctrine of equitable estoppel, a party must demonstrate (1) a factual misrepresentation; (2) that is misleading; (3) that induced actual reliance, which was both reasonable and in good faith; and (4) that caused detriment to the relying party." *Id*. (citing *Hoeppner v. Jess Howard Elec. Co.*, 780 N. E.2d 290 (Ohio Ct. App. 2002); *Myers v. Myers*, 768 N.E.2d 1201 (Ohio Ct. App. 2002); *Gruber v. Kopf Bldrs., Inc.*, 770 N.E.2d 598 (Ohio Ct. App. 2001)).

Here, the Court is persuaded that Plaintiffs are equitably estopped from asserting breach of the 2007 Agreement against Phoenix. The evidentiary record reflects that Peng sent Kendell biweekly payroll forms to which Kendell responded via phone call or email to approve. Approving the payroll forms if Kendell believed the 2007 Agreement was still effective constituted a misrepresentation upon which Peng relied for seven years. It is undisputed that Kendell did not raise the issue of improper payment under the 2007 Agreement in July 2008 or in 2011 when she received pay raises. The Court also notes that the parties agree both raises were undisputedly pursuant to oral agreements, pointing to a history and pattern of practice to engage in such agreements. Peng reasonably relied upon Kendell's approval of the payroll forms and sent a biweekly paycheck as a result. Peng would have relied upon the approval of the payroll forms to Phoenix's detriment if Kendell is now able to enforce the terms of the 2007 Agreement.

This finding is consistent with Ohio case law regarding equitable estoppel precluding enforcement of contractual claims where the parties' developed a course of conduct with respect to payment amounts or timing that differed from the contractual payment terms. *See e.g. In re*

6

*Valentine*, 292 B.R. 164, 166-67 (Bankr. S.D. Ohio 2003) ("Continual acceptance of late payments by a creditor can induce a debtor into believing in good faith that late payments are acceptable. When this occurs, the creditor is equitably estopped from declaring a default and exercising its contractual rights unless and until the creditor notifies the debtor that henceforth strict compliance with the payment dates will be required.") (citing *Slusser v. Wyrick*, 502 N.E.2d 259 (Ohio Ct. App. 1986)); *Wilson v. Beck Energy Corp.*, No. 15 MO 0010, 2016 WL 7912888, at *4 (Ohio Ct. App. 2016) (acceptance of delayed payments may equitably estop a landowner from asserting contractual claims pertaining to a lease where acceptance is inconsistent with the landowner's legal position concerning the lease). Here, examining the undisputed factual record, Plaintiffs are similarly estopped from asserting breach of the payment terms in the 2007 Agreement after accepting payment without raising the issue of breach for seven years. Plaintiffs have failed to adduce sufficient evidence that a genuine issue of fact remains for a jury. As a result, Phoenix's motion for summary judgment as to the breach of contract claim is **GRANTED**.

**B. Unjust Enrichment**

The Court considered Phoenix's argument that the unjust enrichment claim is duplicative of the breach of contract claim in its Opinion and Order on Defendants' Motion to Dismiss and for Partial Judgment. (ECF No. 62, at 4-5). In its Opinion and Order, the Court held that Plaintiffs are permitted to plead unjust enrichment in the alternative to their breach of contract claims. (*Id.*) Now, Phoenix asserts that no genuine issue of material fact exists with respect to the unjust enrichment claim because it is duplicative of the breach of contract claim and because Phoenix was not unjustly enriched.

Unjust enrichment is generally precluded where a valid, enforceable contract exists between the parties. *See Cook v. Home Depot U.S.A., Inc.*, No. 2:06-cv-00571, 2007 WL 710220, at *8 (S.D. Ohio Mar. 6, 2007) ("Ohio law does not allow parties to 'seek damages under quasi-contractual theories of recovery' such as a claim of unjust enrichment when a contract governs the relationship.") (*quoting Davis & Tatera, Inc. v. Gray-Syracuse, Inc.*, 796 F. Supp. 1078 (S.D. Ohio 1992)). "However, Ohio law permits that where there is a dispute as to the existence or enforceability of a contract, a party may plead promissory estoppel or unjust enrichment in the alternative." *Bonner Farms, Ltd. V. Power Gas Mktg. & Transmission, Inc.*, No. 5:04-cv-2188, 2007 WL 2463247, at *14 (N.D. Ohio Aug. 28, 2007).

Here, at all times, a contract existed between the parties that governed the Plaintiffs' pay—the 2007 Agreement or a subsequent oral contract or modification. Additionally, the Court agrees with Phoenix's assertion that Plaintiffs have come forward with no record evidence reflecting an unjust benefit to Phoenix because Kendell was paid for the patient services Plaintiffs provided. Again, Plaintiffs have not demonstrated that a genuine issue of fact remains for trial. Therefore, Phoenix's motion for summary judgment as to the unjust enrichment claim is also **GRANTED**.

### III. OTHER MOTIONS

Defendants have also moved to strike the Kendell affidavit and exhibits attached to Plaintiffs' Reply to Defendants' Motion for Summary Judgment. (ECF No. 34.) Defendants assert that the affidavit is impermissible as self-serving, the exhibits are impermissible as not properly authenticated and not admissible at trial, and the exhibits were not previously disclosed pursuant to Fed. R. Civ. P. 26(a)(1)(A). While the Court reviewed and considered the arguments

8

made in Plaintiffs' Reply Memorandum, it was not necessary to consider the affidavits and exhibits attached thereto in order to resolve the summary judgment motion. No additional evidence is necessary to contribute to or would be possibly curative of the lack of genuine dispute of material fact as to estoppel of compensation terms in the 2007 Agreement. Likewise, the evidence in question is not relevant to the Court's finding that the unjust enrichment claim may not proceed as a matter of law. As a result, Defendants' Motion to Strike Response in Opposition is **DENIED as moot**.

The decision in this Opinion and Order also renders Defendant's Motion to Dismiss for Failure to Comply with Court Order unnecessary to resolve. Therefore, the Motion to Dismiss is also **DENIED as moot**. (ECF No. 53.)

Finally, Plaintiffs moved for an order of show cause or contempt related to Defendant's alleged failure to comply with the Court's discovery order made during a telephonic conference on October 11, 2016. (ECF No. 71). Specifically, Plaintiffs alleged that Phoenix failed to comply with the Court's directive to produce the start and end dates of patients referred by the Plaintiffs to Phoenix within the relevant time period at issue. The Court has reviewed the production made by Phoenix, attached to its Opposition to the Motion for Contempt (ECF No. 72, Ex. 1) and finds the documentation sufficiently complies with its discovery directive. The Court additionally notes that no further information regarding patients referred by Plaintiffs to Phoenix is necessary or relevant to the adjudication of the summary judgment motion. As a result, the Motion for Order that Defendant Show Cause Regarding Failure to Comply with Discovery Order is hereby **DENIED**. (ECF No. 71.)

9

## IV. CONCLUSION

For the reasons explained above, Defendants' Second Motion for Summary Judgment (ECF No. 84) is **GRANTED**, Defendants' Motion to Strike Response in Opposition (ECF No. 34), and Defendant's Motion to Dismiss for Failure to Comply with Court Order (ECF No. 53) are **DENIED as moot**.  Additionally, Plaintiff's Motion for Order that Defendant Show Cause Regarding Failure to Comply with Discovery Order (ECF No. 71) is **DENIED**.

**IT IS SO ORDERED.**

Date: March 29, 2017             /s/ *Elizabeth A. Preston Deavers*
                                 ELIZABETH A. PRESTON DEAVERS
                                 UNITED STATES MAGISTRATE JUDGE