# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**KELLEE KENDELL**, *et al.*,

        **Plaintiffs,**

        v.

**PHOENIX HOME HEALTH CARE SERVICE LTD.**, *et al.*,

        **Defendants.**

Civil Action 2:15-cv-3009
Magistrate Judge Elizabeth P. Deavers

## ORDER

This matter is before the Court for consideration of Plaintiffs' Motion for Injunction. (ECF No. 97.) For the reasons explained below, Plaintiffs' Motion is **DENIED**.

## I.

On November 17, 2015, Plaintiffs brought this action claiming breach of contract and unjust enrichment for alleged failure to pay certain compensation. (ECF No. 1.) On May 13, 2016, Defendant moved for summary judgment on the basis that Plaintiff's approval of her time sheets over seven years equitably estops her from asserting breach of contract claims with respect to her pay. (ECF No. 25 at 8-11.) After this Court held Defendant's Motion in abeyance for supplementation, Defendant renewed its Motion for Summary Judgment on November 17, 2016. (ECF No. 84.) This Court granted Defendant's Motion for Summary Judgment on March 29, 2017. (ECF No. 88.) On April 10, 2017, Plaintiffs filed their Notice of Appeal to the U.S. Sixth Circuit Court of Appeals, where this case remains pending. (ECF No. 90.) On October 12, 2017, Plaintiffs filed the instant Motion. (ECF No. 97.)

In their Motion, Plaintiffs claim, "Defendant issued an ultimatum to Plaintiffs requiring the reversal of their patient referral position in order to obtain compensation otherwise definitively earned by and consequently owed to Plaintiffs." (ECF No. 97. At 3.) According to Plaintiffs, two emails comprise Defendant's "ultimatum." They are as follows:

> Sent: Sunday, October 8, 2017 3:14 AM
> Subject: payroll
>
> Please confirm your payroll only if you consider yourself working as a patient care coordinator for Phoenix Home Health Care.
>
> Date: October 9, 2017 at 2:57:53 PM EDT
> Subject: Youo [*sic*] haven't confirm your payroll yet
>
> We are still waiting for you to confirm the payroll before we pay you. The cut off time is noon Monday 10/9/17 for payroll. We will extend the waiting time till noon Tuesday 10/10/17 this time. Your pay will be on hold if we don't receive the reply by noon tomorrow 10/10/17.

(*Id*. at 9.) According to Plaintiffs, Defendant's request places them upon the horns of a dilemma. Plaintiffs maintain that accepting Defendant's characterization of Defendant's pay and status by confirming the payroll would prejudice their position in this litigation, but maintaining their litigation position would prevent Defendant from receiving her earned compensation. (*Id*. at 3.) Plaintiffs, therefore, request this Court to enjoin Defendant from withholding the subject payments. (*Id*.)

## II.

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *see also United States v. Garcia–Robles*, 562 F.3d 763, 767–68 (6th Cir. 2009). This

transfer of power, however, does not effect a total divestiture of jurisdiction from the district court: it retains jurisdiction to enforce its judgment, *City of Cookeville v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 394 (6th Cir. 2007), to proceed with matters that will aid the appellate process, *Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981), and to adjudicate matters unrelated to the issues on appeal, *Weaver v. Univ. of Cincinnati*, 970 F.2d 1523, 1528–29 (6th Cir. 1992).

Although this Court does retain jurisdiction over this matter in order to enforce its judgment, Plaintiffs, here, do not seek to enforce the Court's judgment.[1] The Court granted Defendant summary judgment in this matter, in part, on the basis that Plaintiff's approval of her timesheets for seven years equitably estopped her from making subsequent breach of contract claims with respect to those payments. (ECF No. 88 at 5-6.) An injunction barring Defendant from further reliance on Plaintiff's prior representations would not serve to enforce the Court's judgment, but rather undermine it directly. *City of Cookeville*, 484 F.3d at 394. Furthermore, exercising jurisdiction over the instant Motion would neither aid the appellate process, nor adjudicate matters unrelated to the issues on appeal, as no unadjudicated issues remain in this matter. *Cochran*, 651 F.2d at 1221; *Weaver*, 970 F.2d at 1528–29. Accordingly, Plaintiffs' Motion is not well-taken.

## III.

For the reasons explained above, Plaintiffs' Motion for Injunction is **DENIED**. (ECF No. 97.)

---

[1] Similarly, Plaintiffs do not seek a stay of an injunction issued by this Court. Although Plaintiffs reference it in their Motion, Appellate Rule 8 does not apply here.

3

**IT IS SO ORDERED**.


Date: October 12, 2017                             /s/ *Elizabeth A. Preston Deavers*
                                            ELIZABETH A. PRESTON DEAVERS
                                            UNITED STATES MAGISTRATE JUDGE